Reese, J.
delivered the opinion of the court.
The complainant and James S. Edwards and John S. Edwards became co-partners in a mercantile concern, and after some time, by mutual agreement, in writing and under the seal of the parties, the partnership was dissolved, and the defendants stipulated by their covenant to pay the debts of the concern and indemnify the complainant against said' debts; and further to allow him, for his profits $600 of his private account on the books of the firm, and the complainant transferred all his interest to said James S. & John S. Edwards. All the former parties were jointly sued at law by Eastern creditors. Upon which James S. & John S. sold out the effects of their concern to one Alpheus S. Edwards, their younger brother, a clerk in the store, on credit, taking his own note only; and he for some time conducted business extensively on his own account,bought $1500 worth of additional goods, and then sold the one-half of the concern to William A. Caldwell, who became his partner. Judgment at law having been obfcned against the complainant, the said James S. and the saimJ^^S., by the Eastern creditors, and the same not having bee^Sftd, the complainant has filed this bill for the purpose of re'aphmg specifically and having an account of the effects of the late firm, of which he was a partner, in the hands of any of the defendants, to the end, that they might be subject to the satisfaction of claims against the first mentioned firm. Is the complainant,'under the circumstances above set forth, entitled to this? The creditors are not made parties, but that is not material, for merely as creditors, and before execution levied, they have not strictly any equity *107 against the joint partnership effects; theh^equity is subordinate to the equity _ of the partners and to bepworked out through that of the partners, (See Story on Partnership,) while the partnership is solvent and going on. Creditors, therefore, having no lien on such effects, they may for a valuable consideration be transferred bona fide to any person, and as well to the other partners as to a stranger. See Story Part. sec. 358. In such a case the retiring partner, who so transfers his share,- has no lien on the property for the discharge of the debts of the firm, for by his voluntary transfer thereof he has parted with it, and trusted to the personal security and personal contract of the other partners, (sec. 359.) This principle is well settled in England; 6 Ves. 119, 927: 11 Ves. 3, 5. This is the situation of complainant. He dissolved the firm; he assigned his interest for a valuable consideration, and he look the personal covenant of indemnity against the debts of his assignees, the former partners. He does not pretend that this was not done bone fide. What lien, after this, can he have against these effects, any more than against the private property and effects of his former partners? they alike belong to them and not to him. If this were not so, business would not be continued by some members who come into a firm upon the retirement of a partner for to give them both liens upon the effects, which the one may have sold to the other, and taken out his profits and obtained a covenant of indemnity, would be attended with a confusion and inconvenience difficult to be estimated. The plaintiff’s claim set up in his bill is barred, therefore, by his own assignment, and acceptance of a personal security in the covenant of indemnity of his partners. . He is barred also, by the purchase of these effects, by Caldwell. There is not any satisfactory evidence to show that this purchase was not fairly made.
Upon both grounds we affirm the decree of the Chancellor.